# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAJANAE KANE, *Plaintiff*, | : : : | |
| v. | : : | CIVIL ACTION NO. 24-CV-0778 |
| CONCILIO, *Defendant*. | : : : | |

## MEMORANDUM

**KENNEY, J.**                                                                                                                **MARCH 6, 2024**

Tajanae Kane has filed a civil action alleging a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, against her former employer Concilio. ECF No. 2. Kane also seeks leave to proceed *in forma pauperis*. ECF No. 1. For the following reasons, the request to proceed *in forma pauperis* will be granted, and the Complaint will be dismissed with leave to amend.

## I. FACTUAL ALLEGATIONS[1]

Kane alleges claims based on the termination of her employment and retaliation. ECF No. 2 at 5-6. She asserts that discriminatory acts, otherwise unspecified in the Complaint, occurred or began on September 18, 2023, but does not allege in her Complaint that the discrimination was based on her race, religion, national origin, age, color, or gender/sex. *Id*. at 6. Indeed, the form Kane used to file her Complaint with the Court is nearly all blank with the notation "Page included" in the area of the form where she was asked to state the facts of her case. *Id*. Kane asserts that she filed charges with the EEOC on January 10, 2024 and with the Philadelphia Commission on

---

[1] The facts set forth in this Memorandum are taken from Kane's Complaint (ECF No. 2). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

Human Relations on January 12, 2024 about alleged discrimination, and was issued a Right to Sue Letter that she received on January 12, 2024.[2]  *Id*.  She seeks injunctive relief and monetary damages.  *Id*. at 8.

The "Page included" attached to the form is a copy of Kane's Employment Discrimination Intake Form filed with the Philadelphia Commission on Human Relations.  *Id*. at 9-16.  On the Intake Form, dated January 24, 2024, Kane checked the box indicating that she was claiming retaliation for filing a prior discrimination complaint or engaging in protected activity.  *Id*. at 12.  She also checked a box indicating she was terminated or discharged from her employment.  *Id*.  She identifies three events or actions she believed to be discriminatory:  (1) an incident on July 31, 2023, when she was "singled out" at a meeting about a case that she had no direct contact with; (2) an incident on September 18, 2023, when she was "called into the office" because her phone was "pinging from other states and countries"; and (3) an incident on October 2, 2023, when a family member "was denied employment following my termination" because "she has direct contact with Ms. Kane."  *Id*. at 13.  She believed the incidents were discriminatory because she had filed a lawsuit against her employer "for wage pay . . . and since then I was made a target."  *Id*.

## II.     STANDARD OF REVIEW

The Court will grant Kane leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[2] The Right to Sue Letter Kane attached to the Complaint states it was issued on January 19, 2024.  ECF No. 2 at 19.

(quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the pro se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. Because Kane is proceeding pro se, the Court construes the allegations of the Complaint liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (citation omitted).

### III. DISCUSSION

Title VII prohibits employment discrimination on the basis of race, color, religion, sex and national origin. 42 U.S.C. § 2000e-2(a). To establish a *prima facie* case of retaliation under Title VII, a plaintiff must allege that: "(1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action." *Nelson v. Upsala Coll.*, 51 F.3d 383, 386 (3d Cir. 1995) (citations omitted). To pass statutory screening, a plaintiff asserting a retaliation claim must plead sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of these elements. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).[3]

---

[3] A complaint need not establish a *prima facie* case to survive screening, because a *prima facie* case is an evidentiary standard, not a pleading requirement, and hence is not a proper measure of whether a complaint fails to state a claim. *Connelly*, 809 F.3d 788-89 (internal citations and quotations omitted). Nonetheless, a plaintiff must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (citation omitted).

In conducting a statutory screening under 28 U.S.C. § 1915(e)(2)(B), the Court may consider exhibits attached to a pro se plaintiff's complaint.  *See Harris v. U.S. Marshal Serv.*, No. 10-328, 2011 WL 3607833, at *2 (W.D. Pa. Apr. 6, 2011) ("In addition to the complaint, courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in disposing of a motion to dismiss under Rule 12(b)(6), and hence, under the screening provisions of the PLRA.") (citing *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994)), *report and recommendation adopted as modified*, 2011 WL 3625136 (W.D. Pa. Aug. 15, 2011).  However, a plaintiff may not state a claim by relying *solely* on exhibits.  *See Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."); *see also Estate of Egenious Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot fault the District Court for failing to intuit the necessary factual allegations from one of the many exhibits appended to the complaint.").

Kane failed to include in her actual Complaint any substantive allegations about the elements of a Title VII retaliation claim—namely whether she engaged in activity protected by Title VII, her employer took an adverse employment action against her, and there was a causal connection between her participation in the protected activity and the adverse employment action. *See Nelson*, 51 F.3d at 386.  Because Kane may not rely solely on exhibits to allege a plausible claim, the Intake Form she appended to the Complaint cannot suffice to render her claims plausible.  For these reasons, her Complaint must be dismissed.  However, the Court will permit Kane the opportunity to file an amended complaint in order for her to state in a narrative form all

of the factual allegations she would like to Court to consider in the screening of her discrimination claims. An appropriate Order with additional information about filing an amended complaint will be entered separately.[4]

>                             **BY THE COURT:**
>
>                             /s/ Chad F. Kenney
>                             _____
>                             **CHAD F. KENNEY, J.**

---

[4] The Order also denies Kane's Motion to Appoint Counsel (ECF No. 3) as premature. In determining whether to appoint *pro bono* counsel, the Court must first consider, as a threshold matter, whether the plaintiff's claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). That is not possible at this time because Kane has not alleged any plausible claims.